## YOUNG v. UNEMPLOYMENT RELIEF ADMINISTRATION et al.
### No. 1334.

Court of Appeal of Louisiana. First Circuit.
May 8, 1934.

Frank T. Doyle, of New Orleans, and C. V. Pattison, of Lake Charles, for appellants.

S. I. Foster, of Leesville, for appellee.

LE BLANC, Judge.

This is a suit for compensation brought by the plaintiff, James T. Young, against the Unemployment Relief Administration and its compensation insurer, Zurich General Accident & Liability Insurance Company, Limited, for an alleged total disability arising out of a hernia said to have been sustained by him while engaged in his work on or about February 23, 1933.

The nature of the employment was precisely the same as was that of the plaintiff in the case of David Durrett v. Unemployment Relief Committee et al. (La. App.) reported in 152 So. 138, 140, the only difference being that the plaintiff in this case worked but 1 day each week at $1.50 per day whereas Durrett worked 2 days a week at the same rate of pay per day.

The defendants here filed exceptions as they had in the Durrett Case, but for some reason that is not shown, did not press them. At least no mention is made of them in this appeal.

■ Plaintiff alleges that he sustained a hernia while lifting a heavy piece of timber on a bridge and that as a result thereof he is now disabled and therefore entitled to receive compensation for which he prays at the rate of $5.85 per week for a period of 400 weeks. He bases his claim on a 6-day work week.

The principal defense is that plaintiff did not sustain the hernia in the manner alleged by him. It is strongly contended, however, that if he did and is entitled to compensation, he should be limited to the sum of $1.50 per week. From a judgment in favor of the plaintiff in the sum prayed for, the defendants have appealed.

Plaintiff testifies that the crew of men he worked with was engaged in tearing up an old bridge that led from a gravel road to a cotton gin in the village of Pitkin, and that he hurt himself pulling up one of the planks from the floor. If the plaintiff did sustain the hernia in this manner, it was evidently caused by the strain in lifting up the plank. That hernia can be caused by strain, seems to be a well recognized medical fact, according to the numerous cases of this character which appear before our courts. Especially would this be so, it seems to us,

in the case of a man advanced in years as was this plaintiff. He says that the accident happened at about 10 o'clock in the morning; that he was trying to jerk and pull the plank loose when he felt this sudden pain in his right side. It caused him to bend over and felt as though something "tore in his right side" he says. The pain seems to have been severe for a few minutes, then eased off a little and he felt able to continue work although he was conscious of it all day. He states that it was intense enough for him to have called the attention of the man working next to him, Mr. Henry Sweat. The latter, in relating what happened, says' that the plaintiff told him that he had hurt himself, that he was moving and he "kind-a bent and helt himself just· for a little bit of time." Plaintiff made no loud outcry and seems to have suffered no other discomforts, such as nausea which often. accompanies severe hernia.

Counsel for the defendants refer to the case of Deville v. L. E. Dennis, 15° So. 154, recently decided by this court, which was also a hernia case alleged to have been sustained by straining, and say that it is decisive of the 'issue in their favor. A reading of the opinion in that case, however, discloses that it was lacking in some' of the principal fact features found in the testimony submitted by the plaintiff here. Deville did not testify to having had the same sensation of pain as did the plaintiff and it seemed to be very doubtful that there had been any straining at all. Deville testified that he had stated to the men at work with him that he had injured himself, but these fellow workmen denied that they had heard him make any such statement.

The symptoms experienced by the plaintiff in this case were not very much unlike those shown by Durrett, plaintiff in the case cited, supra, and like Durrett, plaintiff continued working. He worked for several weeks not knowing that he had sustained a hernia. It was only when he was operated on for some other trouble that the attending surgeon discovered that he had a hernia and informed him of it. He was afterwards examined by Dr. R. Strother who testified in his behalf and says that he is undoubtedly suffering with a hernia and expresses the opinion that it could have been caused by the straining testified to by the plaintiff. Indeed, he says that it is quite common for hernia to originate in just this very same manner.

The fact that plaintiff continued to work for some time after his injury and did not report it to his foreman has afforded counsel for defendants strong ground for argument against the probability of his having sustained the hernia at the. time he says he did. Plaintiff, however, did not realize that the injury had caused the hernia at that moment. He frankly states that he did not think that it would amount to anything and states moreover that he was fearful of being laid off the job if he reported that he had been hurt. We are impressed with his apparent honesty and sincerity, and are of the opinion that had he been inclined to present a dishonest claim for compensation, his'actions would have been entirely different.

Several witnesses testified in behalf of plaintiff that prior to February 23, 1933, they had known him to do hard, manual work without an apparent physical handicap, and he himself swears positively that before the time stated he ·had been entirely free of hernia. There is nothing in the record to contradict this testimony.

We believe that plaintiff has, by a fair' preponderance of evidence, shown that he sustained a hernia in the manner alleged by him, that he has become disabled from an accident arising out of and in the course of his employment and is entitled to recover compensation. He has obtained a judgment on this question of fact in the lower 'court and we certainly are not prepared to say that it is manifestly erroneous.

██ We are of the opinion, however, that there is error in the judgment appealed from in the rate of compensation that was awarded the plaintiff. As we have already stated, the present case is in all respects similar to that of Durrett v. these same defendants, supra, except with regard to the number of days plaintiff was assigned for relief work. In the Durrett Case we held that "under the contract of hiring in force at the time of the injury" plaintiff could only obtain 2 days' work per week and we accordingly limited his recovery on that basis to $3 compensation per week. In this case, the plaintiff, under the very same kind of work, and under the very same kind of contract of hiring in force at the time of the injury, could only get 1 day's work per week for which he received pay at the rate of $1.50 for the day. The compensation statute provides that "if at the time of the injury the employee was receiving wages at the rate of three dollars or less per week, then ·compensation shall be full wages." Act No. 20 of 1914, § 8, subd. 3, as amended by Act No. 242 of 1928. Young, the plaintiff in this case, was assigned only 1

day's work during each week, for which he was paid at the rate of $1.50. His compensation therefore is governed by the provision just quoted and shall be for full wages, or at the rate of $1.50 per week.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount of compensation awarded the plaintiff from the sum of $5.85 per week for a period of 400 weeks to the sum of $1.50 for a period not exceeding 400 weeks and that, as thus amended, it be affirmed.