This is a workmen's compensation suit, wherein the plaintiff alleges that on or about July 19, 1948, and prior and subsequent thereto, he was employed by Noonan C. Skinner, operating under the trade name of Vernon Stock Yard, at Leesville, Vernon Parish, La., at a daily wage of $3, and that on that date he sustained an accidental injury which rendered him totally and permanently disabled under the terms and provisions of the workmen's compensation *Page 253 
statute. Plaintiff contends that because his daily wage scale was $3, his weekly wage must be computed on the basis of a six-day working week, and that consequently he is entitled to workmen's compensation on the basis of 65% of $18 per week, that is, $11.70 per week, for a period not to exceed 400 weeks. He has sued the insurer of his employer claiming compensation as set forth above, plus interest on delinquent installments from due date, plus all costs, including expert fees.
The defendant admitted the employment by its assured, but contended that the employment was under a special contract which called for work only one day during the week at the wage of $3 for that day. It also admitted that plaintiff suffered an injury when he was gored on the right arm by a Brahma cow at his employer's stockyard while tending to the gate which led into the selling pen, but denies that such injury caused a permanent and total disability. Defendant prayed that plaintiff's suit be dismissed at his costs, and, in the alternative, if a compensable disability was found to exist that the award be limited to the minimum of $3 per week on the ground that his weekly wage was $3.
After trial of the case, the District Court found that plaintiff had sustained an injury as alleged. He further found that plaintiff's contract of employment by the assured called for a wage of $3 on the day of the cattle sale, which was once a week, and for no further wage, and that accordingly he could not recover beyond the minimum of $3 per week for a period of not exceeding 400 weeks. He accordingly rendered judgment for plaintiff for compensation at $3 per week for a period not to exceed 400 weeks, plus interest on delinquent installments, and all costs including expert fees. The plaintiff has appealed, again contending that the weekly wage should be computed on the basis of 6 days a week at $3 per day and the compensation rate calculated on that wage. The defendant has not answered the appeal, but in its brief prays that the judgment below be affirmed.
Before this court, the only question involved is whether or not the lower court committed any error in concluding that the compensation should be computed on the basis of a contract of employment for one day only per week at the rate of $3 per day.
Plaintiff testifies that he was employed by Mr. Skinner to tend to the cattle gate on the day of the cattle sale once per week at the wage of $3; but he states further that he was employed at various other times by the assured at various tasks in and about the stockyard and at varying rates of compensation; that he was also employed by the assured at various times to go out and haul cattle to the cattle barn for the assured. His testimony is to the effect that he earned anywhere up to $35 per week in the employ of Mr. Noonan.
In corroboration of his testimony he produced several witnesses who stated that they saw him around the stockyard on numerous other days besides the day of the cattle sale, and other witnesses who testified that at various times he cashed checks from the Vernon Stock Yard or N.C. Skinner. It is shown, however, that plaintiff owned his own cattle truck, and hauled cattle for various individuals, and also bought cattle for another individual with whom he obviously was operating in partnership. Moreover, Mr. Noonan testified positively that he employed plaintiff to tend the gate at the $3 merely for the purpose of the cattle sale once a week; that any other work that plaintiff did in connection with the stockyard had no connection with this employment, and was performed by plaintiff as an independent contractor for himself personally. If he hauled cattle for defendant, it was only occasionally. Furthermore, plaintiff did not see fit, as set forth in the written opinion of the trial judge, to require the production of the records of the Vernon Stock Yard. He could have requested the defendant to produce his books and cancelled checks and in the event of refusal he could have obtained a writ of duces tecum, but relied entirely on the corroboration of his various witnesses to show some possible further employment based on his presence at the stockyard at various times and the cashing of checks therefrom in addition to his wage of $3 on sale days. The evidence on which he relied to show employment of more than the *Page 254 
one day per week merely shows a possibility or probability of such employment, and not the certainty required under the burden of proof resting upon him.
The trial court came to the conclusion that plaintiff had failed to prove to a legal certainty any wage beyond that covered by his employment as gate tender once a week, and we cannot find any error in such finding.
For these reasons, the judgment appealed from is affirmed.