FOURNET, Chief Justice. •
 

 We granted a writ of certiorari to review the judgment of the Court of Appeal, First Circuit, affirming the judgment of the lower court decreeing the plaintiff to be totally and permanently disabled but allowing him compensation at the rate of only $3 per week on the finding that he was working, under a contract of hiring for one day per week. See Jarrell v. Travelers Ins. Co., La.App., 41 So.2d 252.
 

 The plaintiff was employed at the Vernon Stockyard sale barn on Monday of each week, the day of the cattle sale, at a wage of $3 to tend the gates of the stock pen, and on the date of the accident he was so engaged when his right arm was jammed against a gate post by an unruly cow, resulting in serious injury and in the permanent impairment of use of the right arm and hand. He contends that he was employed more or less regularly in and about the stockyard on other days of the week besides the day of the sale, at various tasks including the hauling of cattle, and at varying rates of pay; but that in any event it makes no difference how many days he actually worked at the stockyard if his daily wage can be fixed at $3, from which it follows that his weekly wage must be computed on the basis of a six day working week, and that consequently he is entitled to compensation on the basis of 65% of $18 per week for a period not to exceed 400 weeks.
 

 The defendant, while admitting the injury as alleged, takes the position that the plaintiff was working under a contract of hiring by which his employment was limited to one day a week, that is, the day of the sale, and that he is entitled to compensation on that basis of only $3 per week; furthermore, that on the other Jays of the week the plaintiff was engaged in the cattle business as an independent contractor, making the stockyard his headquarters but hauling stock in his own truck for various people and purchasing cattle for a certain dealer.
 

 The Legislature of Louisiana in enacting the workman’s compensation statute. Act No. 20 of 1914, as amended, after providing that compensation shall be paid for injury producing permanent total disability to do work of any reasonable character at the rate of 65% of the employee’s wages during the period of disability not beyond 400 weeks (Sec. 8), further provided that “The term ‘wages’ as used in this act is defined to mean the daily rate of pay at which the service rendered by the injured employee is recompensed under the contract of hiring in force at the time of the injury, and * * * the maximum compensation to be paid * *
 
 *
 
 shall be
 
 *536
 
 thirty dollars per week and the minimum compensation shall be three dollars per week * * Sec. 8, subd. 3, as amended Act No. 175 of 1948.
 

 In the case of Rylander v. T. Smith & Son, Inc., 177 La. 716, 149 So. 434, this court had occasion to determine the amount of compensation to be paid per week to a longshoreman employed intermittently, and after reviewing the history of the Act, particularly Section 8 thereof in its present form (quoted in part above), adopted the view followed by the Courts of Appeal for the Parish of Orleans and the Second Circuit, namely, that an' injured workman is entitled to compensation at the rate of pay in effect on the actual day of the injury, based not upon the number of days per week he was employed but 'upon the number of days he could possibly have secured employment had he not been injured, or six days a week; and repudiated the basis of computation approved in two previous cases by the Court of Appeal for the First Circuit in arriving at the daily wage. In the course of the opinion it was very aptly pointed out by the Court : “The workman’s compensation statute is not a statute allowing the workman
 
 damages
 
 for injuries sustained in the course of his employment even through the negligence or fault of his employer. It is essentially insurance against the loss or diminution of earning capacity * * the Court observing further that in-the case of permanent total disability the accident and injury have the unquestioned effect of depriving the person of his ability to work at full time employment in the future. 177 La. at page 720, 149 So. at page 435.
 

 This view was adhered to in the later case of Calhoon v. Meridian Lumber Co., Inc., 180 La. 343, 156 So. 412, in which one of the questions was the weekly allowance payable, and the amount was again computed on the basis of a six day week even though, for several months prior to the accident, due to economic conditions, the injured man had been employed only three days a week. The logic of these two decisions is consonant with the object of the Act as announced by this Court in the case of Barr v. Davis Bros. Lumber Co., 183 La. 1013, 165 So. 185, wherein we said: “The main object of the legislators in enacting the Employer’s Liability Act was to provide an employee, whose wages were discontinued as a result of an injury sustained while serving his master, with funds to subsist on until he could return to work.” 183 La. at page 1023, 165 So. at page 188. See, also, Puchner v. Employers’ Liability Assur. Corp., 198 La. 921, 5 So.2d 288.
 

 The cases relied on by the defendant, namely Durrett v. Unemployment Relief Committee, 152 So. 138; Young v. Unemployment Relief Administration, 154 So. 642; Gay v. Stone & Webster, Engineering Corp., 191 So. 745, and Abbott v. Swift & Co., 6 So.2d 683, are Court of Appeal decisions and, while persuasive, are not con
 
 *538
 
 trolling; furthermore, a study and analysis of the cases will show that the first two are inapplicable because of a peculiar factual situation, and in the other two the determinations are not inconsistent with the holding of this Court in the Rylander case.
 

 It is noted that the District Court gave judgment in solido against the plaintiff’s employer at the time of the injury (Noonan C. Skinner) and the Travelers Insurance Company, and that this judgment was affirmed by the Court of Appeal; however, the record reveals that the Travelers Insurance Company, compensation insurer of Noonan C. Skinner, is the sole defendant in the case.
 

 For the reasons assigned, the judgments of the District Court and of the Court of Appeal are reversed and set aside, and it is now ordered, adjudged and' decreed that there be judgment in favor of plaintiff, R. D. Jarrell, and against the Travelers Insurance Company, ordering it to pay unto the plaintiff, R. D. Jarrell, the sum of $11.70 (65% of 18) per week for a period not to exceed Four Hundred weeks, beginning July 19, 1948, less a credit of $36 for compensation previously paid, together with interest at the legal rate on all amounts •due and unpaid from judicial demand until paid; defendants to pay all costs.
 

 LE BLANC, recused.