GLADNEY, Judge.
This is a workmen’s compensation suit. From a judgment rejecting his demands, the plaintiff has appealed.
Plaintiff Thomas R. Varnell, alleg'es he was employed as a night watchman for the Colfax Creosoting Company, an enterprise owned by the defendant, on April 19, 1957, and while so engaged within the course and scope of his employment, he stepped into a hole and suffered injuries consisting of an inguinal hernia, an aggravation of arthritis of the lumbar spine and left hip joint, traumatic neurosis, conversion hysteria and other functional disorders which have rendered him totally and permanently disabled. It is admitted plaintiff was employed at the rate of $1 per hour and worked thirteen hours on each of three days per week, for a total of thirty-nine working hours.
Following the incident of April 19th plaintiff underwent operative procedure for a left inguinal hernia and during the period of disability compensation payments were made totaling $553.80, calculated at a weekly rate of $23.40.
The issues presented for our consideration pertain to the nature and duration of disability. Our attention is directed also to the amount of the weekly compensation payment heretofore made plaintiff and correction thereof is sought.
Our examination of the record reveals the trial judge has carefully analyzed and correctly answered the questions of fact and law presented and we quote with approval pertinent excerpts from his opinion:
“The plaintiff was the only lay witness who appeared in his behalf and he testified that at approximately 8 o’clock p. m. on the night of April 19, 1957, while he was making his rounds as a night watchman for the defendant he stepped into a hole from which a post had been removed. He estimated the hole to be 9 or 10 inches in diameter *85 and stated that his left leg went down into the hole to a point between his hip and his knee. He testified that his hip joint ‘stung a little bit in that joint there’ but he continued to work all that night punching his time clock and walking his rounds which totaled a distance of approximately 10 miles. Plaintiff testified that approximately 30 minutes after the accident he reported the incident to Mr. Jim Bell who was a time keeper and who apparently was working late in the office that night. Later testimony revealed that Mr. Bell has since left the employ of the defendant and is now working somewhere in the State of Ohio. His testimony was not introduced either by the plaintiff or the defendant.
“The plaintiff left work at his regular quitting time the next morning at 6 o’clock a. m. Thereafter he worked regularly three nights per week for a period of one month walking approximately 12 miles each night on his rounds.
“Plaintiff testified that he began to have pain in his left hip, lower abdomen and leg which got progressively worse until he finally had to quit work on or about May 30, at which time he went to see his family physician, Dr. R. U. Par-rott. Dr. Parrott’s examination revealed that plaintiff had a hernia tear in the inguinal ring that would admit about two fingers and he advised an immediate operation before a hernia sack formed. This operation was performed on June 13, 1957, and plaintiff made a normal recovery with no infection or other complications. * *
Dr. Parrott testified the accident experienced by plaintiff aggravated a pre-existing arthritic condition which would prevent the employee from holding “a job where he would have to walk from ten to twelve miles a night.” The opinion was based in part on an X-ray which he stated was made at the Baptist Hospital. On being requested to produce such X-ray it was discovered it was never made. A stipulation placed in the record by the attorneys for plaintiff and defendant discloses the only X-ray pertinent to this case ever seen by Dr. Parrott was one made by Dr. T. E. Banks, who performed a complete orthopedic examination of the plaintiff on October 17, 1957.
With reference to his X-ray findings Dr. Banks testified he saw no evidence of recent trauma or injury and arthritic changes noted were interpreted as being changes related to degenerative arthritis of long standing. He further testified that X-ray anterior-posterior views of the pelvis disclosed no pathology of the hip or pelvis, and expressed his opinion Varnell had recovered from the accident to his pre-accident level. He said the employee was able to return to his job as night watchman.
The opinion of the trial judge gives this appraisal of the evidence bearing upon plaintiff’s alleged disabilities:
“No other expert medical testimony was introduced into the record. The only lay testimony regarding the extent and duration of plaintiff’s injury is the testimony of plaintiff himself.
“The plaintiff testified that after he had recovered from his hernia operation he did not try to go back to work because he still had pain in his left hip and all down his leg so that he knew he could not walk the long distances required of his former employment as a night watchman. The plaintiff, however, did testify that he helps his wife around the house and the record shows that he mows his lawn and does other odd jobs about the place. Plaintiff stated that in his opinion he could not go back to work because he cannot walk very far without pain in his hip.
“The first defense urged by plaintiff’s employer is that plaintiff has not sustained his burden of proving that an accident occurred. Plaintiff stated that he reported the accident to Mr. *86 Jim Bell, defendant’s bookkeeper, within about one-half hour after he had fallen but Mr. Bell’s testimony was not produced either by plaintiff or defendant. Plaintiff’s wife with whom he was living at the time, was present in the court room during the trial, but was not called as a witness. Plaintiff’s attorney announced that Mrs. Varnell was a very nervous person and would not be called to testify unless it appeared necessary. Certainly this was an important issue in the case and the testimony of both Mr. Bell and Mrs. Varnell should have been introduced into the record.
“The plaintiff’s testimony regarding an accident is however, corroborated by the fact that he actually did sustain a hernia. This type of injury need not be immediately disabling and this could, of course, explain the fact that plaintiff continued to work for approximately one month before he was examined by Dr. Parrott and the hernia was discovered. The Court is therefore of the opinion that the testimony of the plaintiff as corroborated by the fact that he actually did sustain a hernia which might very well have resulted from the accident described by plaintiff was sufficient to establish a prima facie case that the accident did occur. The defendant has not introduced the testimony of Mr. Jim Bell to contradict the plaintiff and therefore plaintiff’s testimony that he notified Mr. Bell of the accident must be taken as true.
“The most serious issue in this case is whether the plaintiff has proved by a preponderance of the evidence that he was disabled from returning to his former employment at the time his compensation payments were stopped which was shortly after the examination by Dr. Banks on October 17th, 1957. The rule, as repeatedly held by the appellate courts of this state is that the plaintiff in a workmen’s compensation suit has the burden of establishing his case to a legal certainty. Barnes v. Dixie Drilling Company, 31 So.2d 292; Tyson v. Arkansas Oak Flooring Company, 46 So.2d 769; Taylor v. Sam Grimmett, Inc., 99 So.2d 365; Washington v. Swanner, 98 So.2d 913.
“In considering whether or not the plaintiff in this case has borne this burden, certain legal principles have been enunciated. Thus where the injury of which complained, falls within a particular field of medicine, the testimony of a specialist in that field is entitled to more weight than that of the general practitioner. Rider v. R.P. Farnsworth Co., Inc., [La.App.] 61 So.2d 204; Walker v. Monroe, [La.App.] 62 So.2d 676; Anderson v. Peek, [La.App.] 102 So.2d 776.
“In the instant cases Dr. Parrott is a general practitioner and Dr. Banks is a specialist in the field of orthopedics. Under the above jurisprudence the opinion of Dr. Banks is therefore, entitled to greater weight as to the question of whether or not the plaintiff is disabled from an injury to his hip or back. * * *
❖ * * * * *
“In the case at bar I am also of the opinion that the plaintiff has failed to show by a preponderance of the testimony that he was suffering from any disability caused by the accident as of the date he was examined by Dr. Banks. The plaintiff in this case is a man 67 years of age who has been suffering from arthritis for many years and certainly would be expected to experience some mild pain and discomfort whether he was working or not. It is the opinion of both Dr. Parrott and Dr. Banks that plaintiff has completely recovered from his hernia operation. If there was an injury to the hip, which appears very doubtful because there was no fracture, broken bone or even bruises to the hip or back, it was the *87 opinion of Dr. Banks that on the date of his examination plaintiff had completely recovered from any such injury.”
It is conceded plaintiff’s daily wage was $13 and although employed only three days per week, he is entitled to compensation based on a six-day week. Jarrell v. Travelers Insurance Company, 1951, 218 La. 531, 50 So.2d 22; Carrington v. Consolidated Underwriters, 1956, 230 La. 939, 89 So.2d 399; Guillory v. Coal Operators Casualty Company, La.App.1957, 95 So.2d 201. Accordingly, the proper formula to be used in finding plaintiff’s weekly rate of compensation (subject to statutory limitation) is .65 ($1.00x13x6) = $50.70. The employee is, therefore, entitled to the statutory maximum compensation payment of $35 per week. We observe appellee’s brief mentions that the supplemental petition which claims the maximum weekly rate of compensation rather than a lesser sum alleged upon in the original petition was not served upon counsel for defendant. We do not understand counsel tenders this point seriously, but if so, we find it without merit. The pleading was filed prior to trial and could not have prejudiced the defendant.
The claim for penalties under LSA-R.S. 22:658 originally urged in the trial court has not been reurged upon the appeal, and accordingly the issue will be treated as abandoned.
Accordingly, the judgment from which appealed will be amended by awarding to appellant workmen’s compensation for a period of twenty-four weeks at the rate of $35 per week from date of injury with five per cent interest from the maturity of each weekly payment from its due date until paid, subject to credits of weekly compensation paid, and as so amended, the judgment is affirmed. The costs, including costs of appeal, are to be divided equally between plaintiff and defendant.