134 So.2d 665 (1961)
Elton DOUCET
v.
ASHY CONSTRUCTION CO., Inc.
No. 337.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
Rehearing Denied December 4, 1961.
Certiorari Denied January 15, 1962.
Guillory & Guillory by Isom J. Guillory, Jr., Eunice, for defendant-appellant.
Sandoz & Sandoz by William C. Sandoz, Opelousas, for plaintiff-appellee.
Before TATE, FRUGE and SAVOY, JJ.
SAVOY, Judge.
This is an action for workmen's compensation. From a judgment awarding plaintiff compensation at the maximum statutory rate for total and permanent disability, but denying attorney's fees and penalties, subject to a credit for benefits previously paid, defendant appealed to this court. Plaintiff did not appeal or answer the appeal.
Plaintiff is an emancipated minor, nineteen years of age. He alleges in his petition that he was injured while working for defendant as a common laborer. It was stipulated by plaintiff and defendant that the employment was hazardous.
According to Article 7 of his petition, plaintiff sustained severe injuries of the low *666 back and/or ruptured disc and/or a lumbo sacral injury of the back, and/or a sacroiliac strain of the back, and/or has developed a psychiatric condition, and/or has had a neurotic reaction to the said back injury, and/or has caused your petitioner to have conversion hysteria and/or the said accident has aggravated or accelerated a predisposition to have psychiatric difficulty, and/or has aggravated and accelerated petitioner's neurotic tendencies, and which condition, and/or conditions prevent petitioner from returning to his occupation as a laborer, and petitioner is totally and permanently disabled from the performance of his trade and occupation.
Counsel for defendant contends that plaintiff has completely recovered from the accident alleged to have occurred to plaintiff, and that the judgment of the district court should be reversed and judgment should be rendered in favor of defendant.
The record reveals that plaintiff had gone to work for defendant early in September, 1959, and had worked about a month prior to the time of the alleged injury. The occurrence of an accident was established by the testimony of plaintiff and that of a co-worker who was helping plaintiff lift and stack boards.
This Court is of the opinion, as was the trial judge, that plaintiff was injured while in the course and scope of his employment and while engaged in a hazardous occupation.
Plaintiff was examined by his family physician, Dr. Harry Jenkins, a general practitioner; two orthopedic surgeons, Dr. William L. Meuleman and Dr. Charles V. Hatchette; and Dr. Carl P. Adatto, a psychiatrist. Drs. Jenkins, Meuleman and Hatchette testified that plaintiff suffered a back injury, was disabled for a short time, and then made a complete recovery. Dr. Adatto examined plaintiff on four occasions, namely May 16, 1960, September 27, 1960, December 16, 1960, and February 10, 1961. His testimony was taken by deposition and is lengthy. Dr. Adatto came to the following conclusion:
"A. Essentially I believe this man has a neurosis of long standing; that he reacted to this accident by an exacerbation of a neurosis and a dependency state with the result that he has become incapacitated, and as a result of this I don't think he will ever be able to do any work again.
"Q. What effect, if anything, did the accident have on him? A. The accident was the precipitating factor for the neurotic condition coming out in its full manifestation and incapacitated him from work.
"Q. Now, do you think he would be able to return to work on a sustained basis at any future date? A. No. I don't think so.
"Q. And the accident aggravated his neurotic condition? Is that your testimony? A. Yes."
Counsel for defendant contended in his oral argument and in his brief submitted to this Court that plaintiff should not recover in this case for the reason that his family physician and two orthopedic surgeons stated conclusively that there was nothing wrong with plaintiff physically or otherwise.
In the case of Williams v. Bituminous Casualty Corporation, (La.App., 2 Cir.) 131 So.2d 844, 849, the court made the following observation involving cases of the type of the instant case:
"Nor are we unmindful of the principle that the evidence in cases involving claims predicated on traumatic neurosis or a conversion reaction should be scrutinized with extreme care, so that employers and insurers may be protected against unjustified and unwarranted claims, and, at the same time, that a justified claim may not be denied to a deserving claimant. In this regard, we stated, in Miller v.

*667 United States Fidelity and Guaranty Co., supra (La.App., 99 So.2d 518):
"`We are fully cognizant of and have striven to take into proper consideration the dangers of abuse that are implicit in the acceptance of mental and nervous disorders and affections as constituting disability within the intent and purpose of our compensation statute. This danger has been voiced numerous times by the courts of this state, and it is accepted as an established principle, that the evidence in cases of this nature should be scrutinized with extreme care and that every precaution should be taken to protect employers and insurers against unjustified claims which lie in the somewhat nebulous realm of mental affections. On the other hand, the contrary danger of denying recovery to a deserving claimant is equally apparent.'"
This Court being composed of laymen has to depend on the medical testimony of experts in reaching a decision in each particular case. Dr. Adatto, the only qualified psychiatrist in the case, was satisfied beyond doubt that the plaintiff was suffering from neurosis which antedated the accident, but which aggravated the condition which had heretofore existed. We find no basis to disagree with the results reached by said psychiatrist. The trial judge in a written opinion believed that the plaintiff had sustained the burden of proof imposed on him in this type of case. We agree with the opinion of the trial judge.
In the case of Parker v. General Earthwork Service et al., (La.App., Orleans) 103 So.2d 573, 581, the Court said:
"Distinguishing between true neurosis and malingering may sometimes be difficult, and it has been suggested that there is no more potent curative or palliative therapy for `compensation neurosis' than a substantial award in compensation. If, for this reason or any other, plaintiff's condition should improve in the future, defendants are privileged to seek modification of this decree. LSA-R.S. 23:1331; Ladner v. Higgins, Inc., La.App., 71 So.2d 242; Singleton v. W. L. Richardson & Son, Inc., supra (La.App., 95 So.2d 36)."
Counsel for defendant contended further that the rate of pay of plaintiff should be computed on a five-day basis rather than a six-day basis. This contention is without merit. In the case of Jarrell v. Travelers Insurance Company, 218 La. 531, 50 So.2d 22, the Supreme Court said that the weekly wages of a workman employed under the compensation act should be computed on the basis of a six-day working week. This rule was followed in the case of Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399. See also Fontenot v. Travelers Insurance Company, 125 So.2d 664 (La.App., 3 Cir.). Plaintiff worked an average of ten hours per day at $1 per hour. His total weekly wage would be $60. He is entitled to 65 per cent of this amount or a sum in excess of $35 per week, which is the maximum which he may recover under the compensation act.
For the reasons assigned, the judgment of the district court is affirmed. Defendant is to pay all costs of this appeal.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.