CHRIS T. BARNETTE, Judge pro tem.
Plaintiff-appellant has appealed from a judgment rejecting her claim for workmen’s compensation.
Mrs. Russell was an employee of Bemis Brothers Bag Company for a number of years prior to, and for some time after July 14, 1960, the date of the alleged accident. Her duties required her to operate a large sewing machine used in sewing burlap bags. The burlap, delivered to the machine on a hand truck, is in rolls varying in size and weight. Mrs. Russell alleges that on July 13 (or 14), 1960, while in the course of her employment, she attempted to pull a roll of burlap off the truck and in doing so was thrown off balance causing her to fall on her back sustaining the injuries complained of.
There are two principal questions involved here as in most disputed compensation cases, namely: Did the employee sustain an accident or suffer a traumatic injury in the course of her employment? If so, is there a causal connection between such accident or injury and the disability complained of?
Just how, if, and when Mrs. Russell sustained the alleged accident and suffered a traumatic injury is in doubt due to the conflict in testimony given by her and defendant’s foreman, to whom the alleged accident was reported. There is no witness to corroborate the plaintiff’s account of the alleged accident. Unfortunately, plaintiff’s co-worker, the only alleged eyewitness to the accident, died three years after the accident while suit was pending. The record does not contain a deposition of her testimony; apparently it was not taken. There is no explanation of the long delay in bringing the case to trial.
There was extensive expert medical testimony from nine doctors. Only Dr. Hy-man Soboloff, orthopedic surgeon, found objective symptoms tending to corroborate the plaintiff’s contention of causal connection with the accident of July 14, 1960. Dr. Soboloff examined her on November 30, 1960.
Her complaint to him was “restriction of motion in the right shoulder with pains at the extreme of motion.” The doctor said further, “She also had aching and soreness in the low thoracic area, with pain and burning sensation particularly on motion.” He found a minimal degree of atrophy which he considered an objective finding. He testified further:
“A Yes, sir. I felt that she had what we call an adhesive capsulitis, which is a partial freezing, as it were, of the covering of the shoulder joint, and this was on the basis of her history, and must be considered secondary to the injury, since she didn’t relate any other injury, and since she had a full range *263 of motion in the opposite shoulder, I could find nothing in her low back area or in the dorsal spine, although she complained of soreness there, and since some of the shoulder muscles reflect into that area of the back, this soreness could be considered a part of the problem with the restricted shoulder motion.

“ * * * I feel that there is a direct cause and effect relationship between the accident of July 1960 and my findings in November of 1960.”
None of the other doctors testified to objective findings suggestive of connection with an accident. They had only the plaintiff's claim that the cause of her pain related directly to the accident. This is at best subjective evidence and must be applied with great caution. We cannot agree that the so-called objective findings of Dr. Soboloff are sufficient to discharge the burden of proof resting upon plaintiff.
Plaintiff’s counsel relies heavily on the testimony of Dr. Soboloff and cites Broussard v. Dumas Chevrolet Company, 120 So. 2d 863 (La.App.Orleans 1960), in support of the proposition that plaintiff’s testimony alone in a compensation case, when corroborated by other evidence, is sufficient to prove that an accident did take place. His interpretation of the opinion of this Court in that case is not entirely correct. In that case the “accident” was an assault upon the plaintiff inflicted in the course of employment by the general manager under whose supervision he worked. It was not so much the “accident” (assault) to which this Court referred as the ultimate effect of the injury caused by it.
In the Broussard case, supra, there was no issue of fact over the alleged assault, the issue being whether or not the assault could be termed an “accident.” After disposing of this question in plaintiff’s favor, this Court then considered the extent of disability about which there was sharp disagreement. It was on this point that the plaintiff’s testimony alone was deemed sufficient when supported by the corroboration of the doctor with reference to disability. In that case there was objective evidence of the injury and a direct and causal connection with the disability.
Counsel also relies on Duke v. Urania Lumber Co., 73 So.2d 13 (La.App.2d Cir. 1954), in support of his contention that the plaintiff’s long record (seven years) of satisfactory employment with the defendant company is a factor to be given consideration in determining if the plaintiff sustained the accident. It is true that the plaintiff’s forty years of continuous employment with defendant company in that case was a factor considered, but there was also the corroboration “in detail by the testimony of a fellow employee who witnessed the accident and. assisted plaintiff to his feet after he had been knocked to his knees by the force of the blow from the moving pulley.”
A stronger authority in support of plaintiff’s case is Dixon v. W. Horace Williams Co., 8 So.2d 724 (La.App.1st Cir.1942). There the Court said:
“ * * * There are numerous cases where the courts have held that compensation will be granted on the testimony of the plaintiff alone where his testimony is consistent and there is nothing to indicate that his claim is false or exaggerated. We adhere to the principle that great weight must necessarily be given to the statement of the claimant where there is little other available evidence as to the actual happening of the accident, and where the diagnosis and opinion of the doctor as to the nature and extent of the injury must depend largely on subjective symptoms, if there is nothing in the record to doubt the veracity and honesty of the plaintiff. * * * ”
We have carefully considered these cases and Cook v. M. J. Walsh Boiler Scaling *264 Co., 40 So.2d 655 (La.App.Orleans 1949), wherein the Court said :
“ * * * In many cases it may be impossible for a plaintiff to make his case certain beyond the shadow of any possible doubt and all that he is required to do is to convince the Court by a reasonable preponderance of the evidence that in all probability the occurrence took place as recited by him.”
We find no fault with the principles of law enunciated in the foregoing cases, but fail to find in them support for the plaintiff’s contentions in the instant case. We should dislike to deny plaintiff’s right of recovery because of her failure to offer corroborating testimony that she did in fact fall as alleged, especially in view of the death before trial of the only alleged eyewitness to the accident. But that is not the only issue before us. In Cook v. M. J. Walsh Boiler Scaling Co., supra, the Court also said:
“In addition, however, to showing that there was an accident, plaintiff in such a case as this must go further and ■show by the same reasonable preponderance that in all probability the ensuing disability resulted from the injury.”
It is not enough that plaintiff show a mere possibility or probability of a causal connection with the injury alleged. Majors v. Louisiana Central Oak Flooring Corporation, 16 So.2d 491 (La.App.2d Cir.1943).
The trial judge found as a matter of fact that the plaintiff did not make out her case by a preponderance of the evidence. His decision was handed down and reasons given immediately at the conclusion of the trial and argument. Evidently he did not think there was enough question of fact to warrant taking the case under advisement. He said:
“This is a suit under the workmen’s compensation law and under that law and under the jurisprudence of this state the courts bend every effort to construe the law and the evidence, if it is at all possible, in favor of the plaintiff.
“The evidence before the Court in this case is of such a nature that the evidence does not comply with the burden of the plaintiff in proving the plaintiff’s case by á preponderance of the evidence. While it is true that we bend backwards to help persons in compensation cases, the Court also has the duty to require in a compensation case, as in every other case, that plaintiff must prove the case by a preponderance of the evidence.
“Plaintiff having failed to establish her case by a preponderance of the evidence, the Court has no other alternative except to. dismiss the suit. * * * ”
In addition to the foregoing statement by the trial judge, he said during the course of the trial:
“I don’t see how you can expect me to find that she is incapacitated at all as a result of a full on July 15th when she worked a month and a 'half after that and she didn’t go to a doctor until November. She may be sick and suffering from pain or have trouble or pain in her back, but there is no relationship between the pains in her back and the fact that she fell at the Bemis Bag Company.”
Whether or not the court below found as a fact that Mrs. Russell did fall as alleged, is not clear from the above statement, but it is certain that it found no causal connection between the alleged fall and the injuries claimed.
Plaintiff testified at length about her back pains, all of which she attributed to the alleged fall. The several doctors who testified, with the exception of Dr. Soboloff, found no objective symptoms, but they seemed to have little or no doubt that she does in fact suffer with her back as claimed. There was some testimony of natural causes such as calcium deposits and arthritis, but *265 it was generally agreed among them that this is a case of severe emotional depression and that her pain was real to her.
 This is a case of severe neurotic illness stemming from causes and circumstances reaching hack to plaintiff’s childhood. One having this predisposition might be able to function in a fairly normal way until subjected to some traumatic experience, not necessarily physical, which activates the latent symptoms. This is what is generally called a traumatic neurosis. It is a compensable injury when there is a definite causal connection with an accident sustained in the course of employment. Doucet v. Ashy Construction Co., 134 So.2d 665 (La.App.3rd Cir.1961); Williams v. Bituminous Casualty Corporation, 131 So.2d 844 (La.App.2d Cir.1961); Tate v. Gullett Gin Company & Liberty Mutual Ins. Co., 86 So.2d 698 (La.App.lst Cir.1956). The plaintiff has not discharged the burden of proof that there is a connection between her neurosis and a traumatic injury sustained in the course of her employment.
In a very similar recent case before us, Melerene v. Maryland Casualty Company, 166 So.2d 528 (La.App.4th Cir. 1964), we said:
“In coming to this conclusion we have not been unmindful of the caution to be observed by the courts in claims predicated on traumatic neurosis or a conversion reaction. As suggested by the Court in Williams v. Bituminous Casualty Corporation, supra, we have scrutinized the record with extreme care for we agree that employers and insurers must be protected against unwarranted and unjustified claims, but that at the same time a deserving claimant should not be denied his right to recovery.”
We are unable to find any manifest error in the judgment of the court below on the questions of fact presented to us and therefore find no reason to disturb the judgment there rendered. Fortenberry v. Scogin, 149 So.2d 732 (La.App.lst Cir.1963); Oubre v. Judice, 147 So.2d 745 (La.App.3rd Cir. 1962) ; Hatten v. Olin Mathieson Chemical Corp., 112 So.2d 135 (La.App.2d Cir.1958); Patton v. Argonaut Underwriters Insurance Co., 110 So.2d 142 (La.App.2d Cir. 1959) ; Rowan v. Travelers Insurance Company, 111 So.2d 387 (La.App.Orleans 1959) ; Orlando v. Polito, 228 La. 846, 84 So.2d 433; and many others.
The judgment appealed from is affirmed.
Affirmed.