CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. The trial judge found the accident was proved but that plaintiff was not disabled beyond the approximately 6 month period for which benefits were paid. Plaintiff appealed.
The evidence fully supports the occurrence of the accident. The only substantial issue is disability.
The facts show that plaintiff was employed as a laborer in the construction of a pipeline. On October 18, 1961 he was riding on the side boom of a caterpillar tractor when it turned over, throwing plaintiff into a 10 or 12 foot deep ditch, which had been dug for the pipeline. Plaintiff testified he landed on his left foot and left hand. He says his foot and hand started swelling and his back began to hurt. However, he continued to work for 2 or 3 days, but says a fellow employee helped him.
After this period of time he went to Dr. Walter Cloud, a general practitioner of Oakdale, Louisiana. But, he apparently did not complain to Dr. Cloud about the alleged injuries received in the accident. Instead, Dr. Cloud treated him for an infection of his left knee, resulting from being stuck by a thorn a few days before *789 the accident. Dr. Cloud hospitalized plaintiff for 4 days for this infection and resulting fever. It is noteworthy that Dr. Cloud was not called as a witness by plaintiff.
A few days after being released from the hospital, plaintiff went to Dr. Donald Vesley, also a general practitioner of Oak-dale. Dr. Vesley diagnosed a fracture of the fifth metacarpal of the left hand, which he set and immobilized. He testified the left foot didn’t initially appear to be seriously injured but that later x-rays showed a fractured sesamoid bone. Dr. Vesley also found muscle spasm and pain in plaintiff’s low back.
Dr. Vesley thereafter became the treating physician and testified at the trial in January of 1963 that plaintiff was still disabled by pain in his left hand, left foot and back.
On referral by Dr. Vesley, plaintiff was examined December 21, 1961 by Dr. George P. Schneider, an orthopedic surgeon in Lake Charles. Dr. Schneider diagnosed a fracture of the sesamoid bone in the left foot and a sprain of the low back, from which he thought plaintiff would recover in a few months. As to the left hand, Dr. Schneider was of the opinion the fracture of the fifth metacarpal was too old to have resulted from the accident in October of 1961.
On April 13, 1962 plaintiff was examined, on request of defendant, by Dr. Jerome W. Ambrister, an orthopedic surgeon of Lake Charles. His x-ray evaluation of the left hand was that the fracture of the fifth metacarpal preceded the accident. As to the back, Dr. Ambrister found no disability whatsoever. With reference to the left foot, he stated the x-rays showed a congenital condition of the medial sesamoid bone, which appeared non-united and was a condition frequently mistaken for fracture. It was Dr. Ambrister’s opinion that plaintiff was completely recovered and able to return to work. Compensation payments were stopped following this report.
Plaintiff was examined by Dr. Thomas A. Lacour, a general practitioner of Oak-dale, on January 25, 1963, a few days after the trial which was held open: for the introduction of further medical testimony. Dr. Lacour found no muscle spasm in plaintiff’s back,' but he did think there was a slight limitation of motion. He diagnosed the x-rays of the left foot as showing a fracture of the sesamoid bone, with nonunion, which was,, in this doctor’s opinion, disabling and would require surgery. Dr. Lacour also opined that there was an old fracture of the fifth metacarpal of the left hand, causing stiffness of the thumb and tenderness.
Dr. C. V. Hatchette, an orthopedic surgeon of Lake Charles, examined plaintiff on March 4, 1963. Plaintiff made no complaint to Dr. Hatchette about his back, only the left foot and left hand. Dr. Hatchette found the old fracture in the left hand but stated it was healed and not disabling. As to the left foot, Dr. Hatchette said the condition of the sesamoid bone was congenital with no evidence of fracture. Dr. Hatch-ette concluded plaintiff was not disabled and that he could return to work as a laborer.
Summarizing, we have two general practitioners, Dr. Vesley and Dr. Lacour, testifying that plaintiff has disability referable to his left hand, left foot and back up to the date of trial. As opposed to this, and with reference first to the left hand, we have the testimony of three orthopedic specialists, including plaintiff’s own witness, Dr. Schneider, that the fracture of the fifth metacarpal preceded the accident and is not disabling. As to the left foot, Dr. Schneider testified the sesamoid bone was fractured, but the other two orthopedic specialists testified this was a congenital condition frequently mistaken for fracture. A further noteworthy fact concerning the left foot is the testimony of the doctors that a broken seasamoid bone would cause immediate severe pain. In this case plaintiff continued to work for 2 or 3 days after the accident. He didn’t even complain to Dr. *790 Cloud of his foot, and Dr. Vesley initially found no serious injury to the foot. As to the back, Dr. Schneider testified it was a sprain which should recover in a few months after his examination in December of 1961 and the other two orthopedic specialists found no disability on the dates of their respective examinations. •
We think the able trial judge has correctly summarized this case in his well considered written opinion as follows:
“Considering the unanimous opinion of four orthopedic surgeons to the effect that plaintiff’s complaints of pain re-ferrable to his back and hand are unsupported, this Court has concluded that the opinions of the two general practitioners to the contrary does not raise a sufficient division of medical opinion to justify the decision of this case based on the lay testimony presented by plaintiff. Where the injury of which complaint is made falls within a particular field of medicine, testimony of a specialist in that field is entitled to more weight than that of a general practitioner. Faircloth v. Speights, [La.App.,] 106 So.2d 522; Scott v. Roy O. Martin Lumber Co., [La.App.,] 116 So.2d 726; Varnell v. Roy O. Martin Lumber Co., [La.App.,] 113 So.2d 83; Shuff v. Liberty Mutual Insurance Co., [La.App.,] 134 So.2d 707.
“Plaintiff appeared (in Court) to walk without difficulty. He testified that he never needed or used a crutch or back brace. Plaintiff must prove his claim by a preponderance of the evidence. This he has failed to do.”
A further contention by plaintiff on appeal is that the testimony of Dr. Daniel M. Kingsley, an orthopedic surgeon of Alexandria, should not have been admitted over plaintiff’s objection. Dr. Kingsley examined plaintiff on January 5, 1963 in connection with an application for public welfare assistance. Plaintiff argues all information obtained by Dr. Kingsley is confidential and cannot be divulged. See LSA-R.S. 46:65. This question is res nova in our appellate courts, but we find it unnecessary to decide it here. Even excluding the testimony of Dr. Kingsley, the evidence amply supports the decision of the trial judge.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.