LOUIS ZAMKIN, Doing Business as ZAMKIN PRESS, Appellant, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1923.

Insurance (Workmen's Compensation) — action on policy to recover amount of judgment rendered against employer for medical services — physicians and surgeons — insurance carrier liable to insured employer — section 13 of Workmen's Compensation Law refers only to employee engaging physician on refusal of employer to do so.

The defendant by a policy of insurance against employers' liability undertook to indemnify plaintiff against payments required by the Workmen's Compensation Law to be made by him to an injured employee and against the cost of medical services similarly required by said statute to be furnished by plaintiff in the event of such injuries and also agreed to defend any action brought against the plaintiff " on account of such injuries." A workman of plaintiff injured after the policy had been issued was told by him to consult a physician. Plaintiff upon being sued for the amount of said physician's bill for services, which he had declined to pay, sent the papers to the defendant but it declined to undertake or to continue the defense of the suit, and the result was that upon an inquest taken, judgment was entered against plaintiff herein for the full amount with interest. *Held*, that the action brought against plaintiff by the physician was " on account of the employee's injuries " within the contemplation both of the Workmen's Compensation Law and of the policy issued by defendant and when it refused to defend the action it became liable to plaintiff in the present action on the policy to recover the amount of the judgment rendered against him.

The provision of section 13 of the Workmen's Compensation Law that " all fees and other charges for such treatment and services shall be subject to regulation by the commissioner," refers only to a case where an employee himself, in accordance with other provisions of said section, engaged a physician on the refusal of his employer to do so.

Judgment dismissing the complaint reversed and judgment directed in favor of plaintiff for the full amount claimed, with interest and costs.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint, after a trial by a judge without a jury.

*Abraham Heyert,* for appellant.

*George J. Finnegan (William B. Shelton,* of counsel), for respondent.

BIJUR, J. This appeal raises only a question of law. Plaintiff had secured from defendant a policy of insurance against employers' liability. A workman of plaintiff was injured and was told by plaintiff to consult a physician for immediate treatment. The physician, a Dr. Bloom, rendered medical services for which he sent a bill to plaintiff for ninety-three dollars which plaintiff declined to pay. Plaintiff was thereupon sued by Dr. Bloom for that amount and sent the papers forthwith to defendant which after consideration declined to undertake or continue with the defense of the suit, writing him as follows:

" This is an action brought against you by one Simon Bloom, physician, for breach of contract entered into by you with him for the medical treatment of one Morris Davis. The Compensation Policy which you held with this Company does not cover you for an action brought against you for breach of contract. Therefore the cause of action concerned in this case is not covered under your policy.

" We are therefore forced to disclaim all liability to you therefor,   *   *   *."

Plaintiff took no further steps in the Bloom suit which thereupon resulted in an inquest and judgment against plaintiff for a total of $106, to recover which, with interest thereon, the present action has been brought.

In the policy issued by defendant it " agrees with this employer   *   *   *

" One (a) to pay promptly to any person entitled thereto under the Workmen's Compensation Law   *   *   *   the entire amount of any sum due   *   *   *,

" (1) To such persons because of the obligation for compensation for any such injury imposed upon or accepted by this Employer under   *   *   *   the Workmen's Compensation Law, and

" (2) For the benefit of such person the proper cost of whatever medical   *   *   *   services are required by the provisions of such Workmen's Compensation Law."

Also, " Three, to defend in the name and on behalf of this employer any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

It will thus be seen that by the policy defendant undertakes, so far as affects the instant action, to indemnify the plaintiff against payments required by the Workmen's Compensation Law to be made by him to an injured employee and against the cost of medical services similarly required by the Workmen's Compensation Law to be furnished by plaintiff in the event of such injury. It also agrees to defend any action brought against the plaintiff " on account of such injuries."

The contention of defendant, as evidenced by its letter, is that the " Compensation Policy which you hold with this Company does not *cover* you for an action brought against you for a breach of contract." In the first place, I do not think that the contention is sound; next, as applied to the instant case it is wholly irrelevant.

Defendant, respondent, endeavors to sustain its immunity from liability under section 13 of the Workmen's Compensation Law, which provides, among other things, that " all fees and other charges for such treatment and services shall be subject to regulation by the commission," etc. This provision in section 13, however, manifestly refers only to a case where the employee in accordance with other provisions of the same section himself engages a physician on the refusal of his employer to do so, and it has been so interpreted by this court in *Feldstein* v. *Buick Motor Co.*, 115 Misc. Rep. 170. On the other hand, the same section requires the employer to promptly provide medical service for an injured employee, which requirement necessarily imports common-law contract between the employer and the physician for these services. Defendant in my opinion, therefore, is in error in assuming that its policy does not indemnify plaintiff against the expense of the physician in such a case, if that is what it meant to say in its letter. Plaintiff's cause of action, however, is founded upon defendant's failure to defend the Bloom suit which plaintiff claims was in the language of the policy " instituted against him on account of such injuries." It will be observed that this letter blends defendant's obligation to indemnify plaintiff against liability under the policy with its obligation to defend suits brought against plaintiff on account of such injuries. There was no suggestion, nor can there be, that plaintiff was not bound by the Compensation Law to employ Dr. Bloom as he did. Thereupon Dr. Bloom had a common-law cause of action against plaintiff for the services which he rendered. But whether he had a common-law action or was required by law to obtain compensation through the compensation commissioner is wholly indifferent in the instant case. Dr. Bloom's action was surely brought against plaintiff " on account of the employee's injuries " within the contemplation of both the statute

and of defendant's policy. Whatever defense there may have been to such an action was a matter to be settled *therein* by the defendant under its obligation to defend the action on plaintiff's behalf. When it refused to fulfill its obligation in that respect it became liable to plaintiff for the damages which he suffered by reason of that default.

Both on the trial and in its brief defendant refers to the fact that the commission fixed the value of Dr. Bloom's services at a certain amount which the defendant was willing to pay. In other words, having defaulted in its obligation to defend plaintiff against what defendant claims was Dr. Bloom's unwarranted or illegal charge, it offers to pay to plaintiff the amount which it claims Dr. Bloom should have recovered if the present defendant had undertaken the defense of that action. The mere statement of the proposition is its own refutation.

Judgment reversed, with $30 costs, and judgment directed in favor of plaintiff for the amount of $112, with interest and costs.

Guy and Mullan, JJ., concur.

Judgment accordingly.