Allied Mutuals Liability Insurance Company, Plaintiff, *v.* Jacob De Jong, Doing Business under the Firm Name and Style of New York Flower & Feather Co., Defendant.

First Department, June 6, 1924.

Workmen's compensation — action by insurance carrier to recover premium based on amount paid persons who did work for insured in their homes — said persons were not engaged exclusively in work for insured — they were employees and insurance carrier is entitled to recover premium based on their wages.

Persons engaged by an employer to do piece work in their homes, although they do not devote all their time in the employer's service, are employees within the meaning of a provision in a workmen's compensation insurance policy that the premium is based upon the entire remuneration earned during the policy period by all employees whether the work is conducted at the place of business of the employer or elsewhere, and the insurance carrier is entitled to recover the premium based on the wages of such employees.

Submission of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Arthur Butler Graham* [*John Preston Phillips* of counsel], for the plaintiff.

*Sanders & Zelenko* [*Leon Sanders* of counsel; *Jacob Zelenko* with him on the brief], for the defendant.

Finch, J.:

This is a controversy submitted on an agreed statement of facts. There is involved the question whether under the terms of a policy of workmen's compensation insurance issued by the plaintiff to the defendant, the latter is obligated to pay a premium based upon the compensation paid to certain persons who proceeded to the factory of the defendant, received all the materials out of which artificial flowers and feathers (in the manufacture of which the defendant is engaged) are to be made, took the said materials to their homes and manufactured from them artificial flowers and feathers, delivering the completed product at the factory of the defendant and receiving the agreed price therefor. The price paid for the completed work is the sum upon which the premiums sued for in this action are computed.

The policy provides that " the premium is based upon the entire remuneration earned during the policy period by all employees of the employer engaged in the business operations described in said Declarations, together with all operations necessary, incident, or appurtenant thereto, or connected therewith, whether con-

ducted at such work places or elsewhere in connection therewith or in relation thereto." The locations described in the declaration of the policy are 599 Broadway (where the defendant conducts its business) " and elsewhere in the service of the employer."

The insurer undertakes " to pay promptly any person entitled thereto under the Workmen's Compensation Law," and it is agreed by the submission that if the said outside workers above referred to are employees within the meaning of the Workmen's Compensation Law, plaintiff is entitled to recover; if under the said law they are independent contractors, defendant is entitled to recover. The answer to the question presented, therefore, would seem fairly to be found in the answer to the question whether such workers, if injured while engaged on work for the insured, would be entitled to compensation under the act.

In the case of *Fiocca* v. *Dillon* (175 App. Div. 957) a piece worker went to his employer's place of business and took garments on which he was to work, to his own home, where he worked on a machine owned by himself, and while so employed was injured by a scissors slipping from his hand. The Appellate Division unanimously affirmed an award in his favor, but without opinion.

In the case of *Liberatore* v. *Friedman* (224 N. Y. 710) an order of the Appellate Division was affirmed which affirmed an award of the State Industrial Commission made under the Workmen's Compensation Law to a claimant who was a journeyman tailor employed by the defendant. It appeared that he did his work at home and was paid by the piece. The question presented was whether he was an employee or an independent contractor, and the determination thereof necessarily decided that he was the former. This case was followed in *Matter of Fancher* v. *Boston Excelsior Co.* (235 N. Y. 272). The defendant contends that the latter case is an authority against the plaintiff because it was therein stated that the employer had supervision over the workmen. That was, however, merely an additional reason for the court's holding he was an employee within the meaning of the act. Among the cases which the Court of Appeals cited as controlling in the case last referred to is the case of *Liberatore* v. *Friedman* (*supra*), wherein it does not appear that there was any supervision of the claimant while engaged in his work, and no attempt is made to rest the decision on the ground of supervision.

Taking up first the basis of compensation whether by the day, week or month, or by the piece, the decision in the *Liberatore Case* (*supra*) accords with the practical experiences of life, since one may have his compensation measured by the amount of work done rather than compensation fixed by the day, week or month,

and in either event be none the less an employee and working under identically the same conditions, except in the matter of the measure of his compensation. So, too, with the question of supervision. One may be sent into a forest to fell trees or be sent to his home to sew garments and in either case be none the less an employee. If the employer chooses to order work so done as to waive supervision, this does not make the employee less an employee.

From the submission it does not appear whether or not the said persons are engaged exclusively in the work of the insured, but from the argument of both counsel it would appear that such is not the case, and the defendant urges that for that reason the Workmen's Compensation Law should be held not to apply. No such limitation is contained in the act. Those employed in certain occupations (of which that in the case at bar is one) are granted protection, and in order to confine its benefits to those exclusively engaged, it would be necessary to read into the legislation the word " exclusive." To do this would be against that liberal interpretation of the act in favor of workingmen which has consistently been given by the courts. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *Matter of Petrie,* 215 id. 335.) In the case last cited the court said (at p. 338): " The Workmen's Compensation Law was adopted in deference to a widespread belief and demand that compensation should be awarded to workmen who were injured and disabled temporarily or permanently in the course of their employment, even though sometimes the accident might occur under such circumstances as would not permit a recovery in an ordinary action at law. The underlying thought was that such a system of compensation would be in the interest of the general welfare by preventing a workman from being deprived of means of support as the result of an injury received in the course of his employment. The statute was the expression of what was regarded by the Legislature as a wise public policy concerning injured employees.

" Under such circumstances we think that it is to be interpreted with fair liberality, to the end of securing the benefits which it was intended to accomplish."

To cite an extreme case, if the defendant's contention were to be upheld, one who worked for an insured for eight hours during the day might be deprived of receiving compensation for an injury received by such workman during the period of such work if it could be shown that he procured additional work from another during his evenings. The practical difficulty would be where to draw the line. If the person worked during mornings for one

employer, and afternoons for another, would he be less an employee of either during the work time of each? In other words, why should not the same rule be applied here as elsewhere, that the test to be applied is, was the person at the time of the injury doing the work of the insured?

It follows that the plaintiff should be awarded judgment, in accordance with the terms of the submission, in the sum of $706.84, with interest from the 14th day of January, 1920, without costs to either party as against the other.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment directed for plaintiff as indicated in opinion, without costs. Settle order on notice.