E. M. CUMMINGS & Co., Plaintiff, *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY OF BOSTON, Defendant.

Municipal Court of New York, Borough of Manhattan, Eighth District, February 28, 1933.

*Seitelblum & Korn* [*Irving D. Korn* of counsel], for the plaintiff.

*Bacon & Tippett* [*William P. Cotter* of counsel], for the defendant.

EDER, J. The defendant issued to the plaintiff a " Standard Workmen's Compensation and Employer's Liability Policy " and by its terms and provisions, so far as here relevant, agreed to indemnify the plaintiff, as employer, as respects personal injuries sustained by employees, and to pay promptly to any person entitled thereto, under the Workmen's Compensation Law, the entire amount of any sum due and all installments thereof as they became due: (1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by the plaintiff, as employer, under that law; (2) for the benefit of such person the proper cost

of whatever medical services are required by the provisions of such Workmen's Compensation Law.

Another pertinent provision of the policy provides that the defendant agrees "To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America."

The policy also provides that the defendant agrees "To defend in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations, or demands are wholly groundless, false or fraudulent."

A further provision of the policy provides: "In the event of the bankruptcy or insolvency of this employer the Company shall not be relieved from the payment of such indemnity as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency, an execution against this employer is returned unsatisfied in an action brought by the injured, or by another person claiming by, through, or under the injured, then an action may be maintained by the injured, or by such other person, claiming by, through, or under the injured, against the Company under the terms of this policy for the amount of the judgment in said action not exceeding the amount of this policy."

In the instant case one of the plaintiff's employees met with an injury and received medical treatment from a physician employed by the plaintiff for the purpose. This was a mandatory duty of the plaintiff, as employer, in the very first instance, and the omission to furnish such medical aid, upon request of an injured employee, authorizes him, in that event, to obtain it at the expense of the employer. (Workmen's Comp. Law, § 13.)

The physician brought two suits against the plaintiff for his services, and the defendant undertook, on behalf of the plaintiff, to contest them, but suffered judgments to be entered against the plaintiff, in favor of the physician, by default.

The plaintiff now brings this action to recover under the mentioned policy, claiming that, when such judgments were obtained against it, they constituted a liability which the defendant had insured the plaintiff against. It is conceded that the judgments referred to have not been paid.

At the close of the trial both sides moved for an instructed verdict, which the court took under reserve.

The defendant contends that the liability and loss for which the plaintiff seeks recovery are not covered by the terms of the policy by fair intendment and construction; that if such coverage does exist, then it is a condition precedent to the plaintiff's right to recover; that it must first prove that it has actually paid the loss, *i. e.*, has actually paid the judgments.

I have come to the conclusion, after mature reflection and research, that there is no force to the contentions made by the defendant and that the plaintiff is entitled to an instructed verdict in its favor.

The cases which have been cited by respective counsel are not decisive in all respects because the facts in those cases do not wholly parallel the facts in the case at bar.

Some of the policy provisions to which reference has been made are precisely the same as those involved in *Zamkin* v. *United States Fidelity & Guaranty Co.* (121 Misc. 669). That decision of the First Appellate Term is controlling upon this court that such a policy as this does indemnify the plaintiff against the expense of the physician in such a case, and that as section 13 of the Workmen's Compensation Law requires the employer to provide medical aid for an injured employee, it necessarily imports a common-law contract between the employer and the physician for these services and that a suit brought against the employer by the physician comes within the policy provision to defend any suits brought or instituted against the employer on account of the employee's injuries.

In view of this ruling of the First Appellate Term, and by fair intendment and construction, that the policy does insure against such a contingency, I find that there is no force to this contention of the defendant.

The next point urged by the defendant is that it is a condition precedent to the plaintiff's right to recover that it must first prove that it has actually paid the judgments before a liability attaches for reimbursement, but I am of the opinion that there is no merit to this claim because there is no such condition precedent in the policy and none should or may be read into it.

Moreover, paragraph I (b) of the policy expressly provides that in the event of the bankruptcy or insolvency of the employer the defendant shall not be relieved from the payment of such indemnity, and, consequently, it seems to me to be a matter of no moment whether the plaintiff has actually paid the judgments or not. If it were to be a condition precedent that the employer must first actually pay the judgments before any right to reimbursement can be asserted against the defendant, it is rather to be supposed the scrivener of the policy, who appears to have drawn its exceptions with extraordinary caution, would have specifically so provided;

and to include such an exception, particularly in the absence of such a provision in the policy, where it provides that the bankruptcy or insolvency of the employer shall not relieve the defendant from the payment of such indemnity, would be a construction founded upon an obvious perversion of language and intent, render this clause wholly meaningless, and violate every canon of recognized construction.

Therefore, it is that I consider it immaterial whether the plaintiff has actually paid the judgments or not, so far as the defendant's liability is concerned and conclude that there is no merit to this claim of the defendant.

The case of *Campbell* v. *London & Lancashire Indemnity Co.* (168 N. Y. Supp. 300), upon which the defendant places much reliance, in my opinion, is not applicable to the facts present here.

By paragraph I (b) of the policy the defendant agreed to indemnify the plaintiff, as an employer, against loss by reason of liability imposed by law, and considering the policy provisions in their true light, when judgment was recovered by the physician in his suits against the plaintiff, such judgment established liability within the terms of the policy. It was not essential or necessary that the judgment be first actually paid by the plaintiff in order to fasten liability upon the defendant under the terms of the policy to entitle the plaintiff to recover.

Liability and loss are not the same. The contract was to indemnify against loss from liability. The loss was not sustained within the meaning of the policy contract until the liability was established by a judgment. When judgment was recovered by the physician against the plaintiff, its liability was established, thereby resulting in a loss covered by the policy provisions and with respect to which it was the duty and obligation of the defendant to indemnify and reimburse the plaintiff. (*Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493, 498; *Zamkin* v. *U. S. Fidelity & Guaranty Co.*, *supra.*)

In consummation of these views it follows that there is no defense to the plaintiff's claim, as a matter of law, and, accordingly, defendant's motion for an instructed verdict is denied, plaintiff's motion granted, and a verdict directed in favor of the plaintiff and against the defendant in each case. Ten days' stay of execution.