ALBERT H. ARMSTRONG, Plaintiff, *v.* SAMUEL WEISS and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Tenth District, August 24, 1938.

654

*Levy & Hartman*, for the plaintiff.

*Koenig, Siskind & Drabkin*, for the defendants.

Lewis, J. The plaintiff, a duly licensed physician, brings this action against the defendants for the sum of $137, alleged to be the fair and reasonable value of medical treatments rendered to one James Lovand, an injured employee of the defendants. On the trial the treatments and the reasonableness of the charges were not disputed. That the injuries arose out of and in the course of the employment and that such employment was within the scope of the Workmen's Compensation Law are evidenced by a stipulation signed by the defendants and their employee Lovand, in which an award of compensation by the Department of Labor of the State of New York in the sum of $356.80 was compromised for the sum of $100 with the approval of the Industrial Board. The defendants are bound by the stipulation as having admitted these essential facts. (*Matter of Anthus* v. *Rail Joint Co.*, 193 App. Div. 571; affd., 231 N. Y. 557.) The employee elected to prosecute his claim under the compensation act (Workmen's Comp. Law, § 11), and it is clear that the settlement made with him did not include medical expenses, although the Court of Appeals has held that " The medical care which the employer must furnish is part of the statutory compensation of the workman." (*Szold* v. *Outlet Embroidery Supply Co.*, 274 N. Y. 271, 279.)

The defendants contend that the Municipal Court of the City of New York is without jurisdiction of the plaintiff's claim; that

his remedy must be confined to the Workmen's Compensation Law; and, therefore, to a proceeding before the Industrial Board; furthermore, that the plaintiff has failed to establish a contractual relationship with the defendants which would entitle him to bring an action at law. It is contended by the plaintiff, on the other hand, that the statute fails to provide a remedy for physicians to collect their charges in a proceeding before the Industrial Board in cases where the employer carries no compensation insurance, as is the case with the present employers. Both sides move for a directed verdict.

Is the plaintiff without legal rights against the defendants? If this court has no jurisdiction over his action, he is left without payment for his services, the cost of which is imposed by law upon the employers. (*Szold* v. *Outlet Embroidery Supply Co.*, *supra.*) To leave the plaintiff without relief would be contrary to the spirit of the Workmen's Compensation Law. Physicians might well hesitate to treat injured employees without direct authorization from the employers. The defendants, who violated the law by failing to carry compensation insurance, will not be permitted to avail themselves of an omission in the same statute, nor to avoid payment in this action because the Industrial Board, which approved the settlement of the compensation claim, disclaimed jurisdiction to direct payment of the doctor's bill in the absence of statutory authority to do so. The plaintiff was duly authorized by the State Industrial Commissioner to treat compensation cases and is entitled to payment of his charges. (*Szold* v. *Outlet Embroidery Supply Co.*, *supra.*)

Section 13-a of the Workmen's Compensation Law, as added by chapter 258 of the Laws of 1935, permits an injured employee, when care is required, to " select to treat him any physician authorized by the Commissioner to render medical care." (§ 13-a, subd. [1].) Section 13-f, subdivision (1), forbids a physician rendering treatment to a compensation claimant to " collect or receive a fee from such claimant within this State." The same statute provides that the " employer shall be liable for the payment of the expenses of medical, surgical and other attendance or treatment." (§ 13-a, subd. [1].) The remedy, therefore, of the plaintiff must be against the employers, even though they did not authorize the treatments. The effect of the 1935 amendments was to give the employee the right to select the physician and thus bind the employer. The law will create a contract where the obligations are imposed by law, although no such contract was in fact made or intended by the parties in question. (*Miller* v. *Schloss*, 218 N. Y. 400.)

Section 24 of the Workmen's Compensation Law, cited by defendants, gives jurisdiction of claims for treatment to the State Industrial Board only in accidents occurring without the State and has no application here. (§ 13-a, subd. [b].)

These defendants are charged with knowledge of their liability for the services performed by the plaintiff. Actual notice was given to them that the doctor was treating their employee. The spirit of the compensation act does not permit employers to rely on the principle that a contract can never be spelled out of silence. Rather does it put on the employer the duty to speak or become bound. If the physician treating the employee is unsatisfactory for the reasons enumerated in the statute, the employer is given the right to transfer the care of the injured worker to another authorized physician. (§ 13-a, subd. [3].) No such substitution was made. The defendants did not raise any objection to the fees of the plaintiff nor request an impartial examination of the charges. They may be held, therefore, to have acquiesced in the treatment of the employee by the plaintiff and to have waived the right to question the reasonableness of the charges. (§ 13-g.) To carry out the beneficent provisions of the Workmen's Compensation Law, the act should be construed broadly and liberally. (*Matter of Petrie*, 215 N. Y. 335; *Allied Mutuals Liability Ins. Co.* v. *DeJong*, 209 App. Div. 505.)

Under the 1935 amendments to the Workmen's Compensation Law, the Legislature has failed to give specific authority to the Industrial Board to compel payment of medical expenses when they are not included in the compensation award. It is contended by counsel that the Industrial Board fixes the amount of the charges in cases where the employer is insured because it has jurisdiction of the insurance carrier, and that it refuses jurisdiction in cases like the present because there is no carrier. This belief is so widespread that an amendment to the law to give the Industrial Board power to make awards for medical care against uninsured employers was introduced (unsuccessfully) at recent sessions of the State Legislature. A reading of the entire law, however, fails to disclose any distinction in the Industrial Board's jurisdiction, as between insured and uninsured employers. It is given no statutory authority to compel payment of doctor's charges only by either. This point is relatively unimportant in arriving at the decision herein, but it would seem logical sequence to have the act, which makes all employers liable for doctors' charges in industrial cases, provide for the adjudication and payment of all such charges in proceedings before the Industrial Board or its arbitration committee, as " part of the statutory compensation of the workmen."

Under all the circumstances of the present case, I hold that the employee, in exercising his statutory right to choose the doctor, did so as the agent of the employers on whom was the legal duty not only to provide the services but also to pay for them. This agency created an implied contract between the physician and the employers on which the latter are liable in an action at law. (*Zamkin* v. *United States Fidelity & Guaranty Co.*, 121 Misc. 669; *Weinreb* v. *Harlem Bakery & Lunch Room, Inc.*, 204 App. Div. 293.) Of such an action the Municipal Court has jurisdiction. (*Feldstein* v. *Buick Motor Co.*, 115 Misc. 170.) Verdict for the plaintiff, therefore, in the sum of $137.