**HOLMES et al. v. GARFIELD MEMORIAL HOSPITAL, Inc.**

No. 7740.

United States Court of Appeals for the District of Columbia.

Argued Oct. 9, 1941.

Decided Nov. 3, 1941.

Henry Lincoln Johnson, Jr., of Washington, D. C., for plaintiffs in error.

John B. Cullen, of Washington, D. C., for defendant in error.

Before GRONER, Chief Justice and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Garfield Hospital filed suit in the Municipal Court against Holmes and Gray, partners, and the Workmens Eastern Mutual Casualty Company, Inc., their insurer, for services rendered to Elman J. Askew, an injured employee of the firm. The Casualty Company was not served with process and is not a party to this appeal. The court gave judgment against the firm, and we granted a writ of error.

The case was tried on an agreed statement of facts, which recited that the firm "secured payment of compensation by a policy" issued by the Casualty Company; that Askew filed a claim with the Compensation Commission, and was awarded weekly compensation; that the Commission has taken no action on the hospital bill; that the Casualty Company is a foreign corporation, is in financial difficulties, and is in the hands of a receiver; that the hospital rendered the services for which it sues, that its charges are reasonable, that its bill has not been paid, and "that neither Holmes or Gray requested the Hospital to render any service to Askew."

It does not appear that Askew's injury was due to the fault of the firm, or to any cause for which the firm would be responsible to him or to the hospital at common law. Nor does it appear that the injured employee has met the requirements of the Employees' Compensation Act of the District of Columbia[1] for charging the employer with medical and hospital bills. Section 7(a) of the Act expressly limits the employee's right of reimbursement to cases where the employer neglects after request, or after knowledge of the injury, to furnish the required treatment and services. Notice to the employer within twenty days of the first treatment is also required in the case of medical services and, by implication, in the case of hospital services. The record does not show that these requirements have been met. We need not consider whether, if they were met, the hospital could enforce the employee's right, nor whether it could do so by suit instead of by proceedings before the Compensation Commission.

We need not consider whether the hospital would have a claim against the firm

---

[1] 44 Stat. 1424, U.S.C.A. Tit. 33, Ch. 18, § 901 et seq., made applicable to the District of Columbia by 45 Stat. 600, D.C. Code, Tit. 19, Ch. 2, 33 U.S.C.A. § 901 note.

under the Compensation Act, if it had failed to perform its statutory duty of carrying compensation insurance.[2] Nothing in the Act remits an insured employer, upon the insolvency of his insurance carrier, to the status of one who is not insured. Cases in which an insured employer' asked a physician or hospital to care for an injured employee, or agreed to pay for his care,[3] are not in point. The only parts of the Compensation Act to which counsel for the hospital direct our attention are Sections 35 and 36(a), which deal only with the insurance carrier's obligation to discharge such duties as the Act imposes on the employer. It is clear that the firm is in no way responsible to the hospital.

Reversed.

---

[2] Cf. Armstrong v. Weiss, 168 Misc. 653, 7 N.Y.S.2d 26.

[3] Noer v. G. W. Jones Lumber Co., 170 Wis. 419, 175 N.W. 784; St. Mary's Hospital, etc., v. Atlas Warehouse & Cold Storage Co., 226 Wis. 568, 277 N.W. 144; Siegal v. Strauss, 138 Misc. 380, 245 N. Y.S. 688.