**Alessandro P. NARDELLA, Petitioner,**

v.

**CAMPBELL MACHINE, INC. and Zenith National Insurance Company, Respondents.**

No. 74–1667.

United States Court of Appeals, Ninth Circuit.

Oct. 22, 1975.

Alessandro P. Nardella, in pro. per.

Donald C. Lieb of Chernow & Lieb, Los Angeles, Cal., for respondents.

## OPINION

Before BARNES and KENNEDY, Circuit Judges, and CARR,* District Judge.

BARNES, Senior Circuit Judge:

This case, involving a claim pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act [hereinafter referred to as the Act], 44 Stat. 1424, 33 U.S.C. § 901 *et seq., as amended,* is appealed by claimant, Nardella, from the Order of the Administrative Law Judge which was affirmed in relevant part by the Benefits Review Board of the United States Department of Labor. This Court has jurisdiction under 33 U.S.C. § 921(c).

It is settled law that this Court is obligated to affirm the Administrative Law Judge's findings if they are "supported by substantial evidence on the

---

* The Honorable Charles H. Carr, Senior Judge of the Central District of California, sitting by designation.

record considered as a whole." *Banks v. Chicago Grain Trimmers Association,* 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30 (1968); *see O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483 (1951). It is with this admonition in mind that we consider petitioner's appeal.

The Administrative Law Judge in his Order awarded petitioner forty weeks of temporary total disability (from January 17, 1970, through October 25, 1970) in the total sum of $2,800 at the rate of $70 per week. Petitioner contends that he suffered permanent disability beyond the 40 weeks, and should be compensated for such disability.

The facts on record indicate that for 45 days from December 2, 1969, to January 16, 1970, Nardella was employed by Campbell Machine, Inc. in San Diego, California. Towards the middle of January, Nardella informed the job superintendent that he had difficulty breathing and could not endure the air quality in the engine room where he was assigned to work as a diesel mechanic. This difficulty in working conditions was previously recognized by Campbell. In order to alleviate this problem, Campbell devised a schedule of employees working one hour in the engine room, followed by one half hour in other surroundings. On January 16, 1970, Nardella informed the same superintendent that he could no longer continue working and was going to see a doctor. Petitioner thereupon sought the treatment of a Dr. Milan A. Brandon, and other physicians. Following the advice of his physicians, Nardella has not returned to work for his former employer.

The Administrative Law Judge found that petitioner's disability arose out of and occurred within the scope of his employment (*see* 33 U.S.C. § 902), "by reason of his exposure to noxious fumes from solvent, ammonia, kerosene, thinner, bilge, and welding smoke, which was accepted by inadequate ventilation." The effect of this exposure was to cause injury to claimant's lungs, respiratory tract, and pulmonary system and also to cause various nervous symptoms. The Administrative Law Judge concluded that the disability was only temporary and thus awarded petitioner disability pay for the duration of forty weeks. Claimant contends that the disability was permanent in nature.

Upon examining the record, we find that claimant had suffered from asthmatic bronchitis in February, 1968. In his testimony, petitioner acknowledged that in summer, 1969, he had had a nervous condition. Furthermore, he was an habitual cigarette smoker. In his findings, the Administrative Law Judge relied heavily on the medical reports and evaluations of the Scripps Clinic and Dr. Alvin Markovitz. Upon examining petitioner, Dr. Markovitz stated:

"I believe that this man's problem is really an emotional disorder. I feel that this man is not disabled from useful employment. I would, however, restrict him from heavy fume exposure and dust exposure, not because of an industrial injury, but because he likely has a preexisting allergic rhinitis and sinusitis, and nonspecific irritants can bother him, as they did for a period of time at Campbell Machine Company. However, as I have indicated, inasmuch as I do not find anything wrong at the present time, I think that the temporary effects of aggravation of the underlying condition at Campbell Machine Company have now dissipated."

Petitioner's examination at the Scripps Clinic revealed that he suffered from tension headaches, anxiety-depressive reaction, and chronic allergic rhinitis. Dr. Peter G. Denker, a physician in the neurology division, examined petitioner and found no evidence of any organic central nervous system lesion. In his report, Dr. Denker wrote that he thought that claimant's headaches "are of the tension variety and secondary to emotional factors." The Doctor was unable to discover the cause of those tensions and emotional factors in his examination.

■ In reaching his decision, the Administrative Law Judge, as trier of the

facts, weighed the contradictory evidence, judged the credibility of witnesses, and reached the ultimate conclusion as to the facts. *See generally Sentilles v. Inter-Caribbean Shipping Corp.,* 361 U.S. 107, 110, 80 S.Ct. 173, 4 L.Ed.2d 142 (1959); *Tennant v. Peoria & Pekin Union R. Co.,* 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520 (1944). Hence, the Administrative Law Judge could properly have accepted part of a witness' testimony and rejected the remainder. As stated by the Supreme Court: "While some of the testimony of the petitioner's medical expert was arguably inconsistent with other parts of his testimony, it was within the province of the Deputy Commissioner to credit part of the witness' testimony without accepting it all." *Banks v. Chicago Grain Trimmers,* 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30 (1968); *see Independent Stevedore Company v. O'Leary,* 357 F.2d 812, 814 (9th Cir. 1966). ·

■ Disability is an economic as well as a medical concept. The appropriate test for disability has been aptly stated by the District of Columbia Court of Appeals:

" 'The degree of disability in any case cannot be measured by physical condition alone, but there must be taken into consideration the injured man's age, his industrial history, and the availability of that type of work which he can do.' Even a relatively minor injury must lead to a finding of total disability if it prevents the employee from engaging in the only type of gainful employment for which he is qualified." *American Mutual Insurance Co. of Boston v. Jones,* 138 U.S. App.D.C. 269, 426 F.2d 1263, 1265–66 (1970); *see Cunnyngham v. Donovan,* 328 F.2d 694, 697 (5th Cir. 1964); *John W. McGrath Corporation v. Hughes,* 289 F.2d 403, 405 (2nd Cir. 1961); *Eastern S. S. Lines v. Monahan,* 110 F.2d 840, 842 (1st Cir. 1940).

At the hearing, Nardella testified that he has been employed in the past as an outside machinist or as a shop machinist.

In this type of position, it would appear that petitioner would and could work where there would be adequate ventilation. In examining the record, there is strong evidence to indicate that claimant could still be employed in such surroundings. Hence, petitioner may continue to seek "gainful employment for which he is qualified." *American Mutual Insurance Co. of Boston v. Jones,* 138 U.S. App.D.C. 269, 426 F.2d 1263, 1265–66 (1970).

■ Upon examining the record as a whole, this Court concludes that the Administrative Law Judge's findings that claimant suffered only temporary disability for a period of forty weeks is supported by substantial evidence. We therefore affirm the Administrative Law Judge's ruling on this issue.

Secondly, petitioner contends that he is entitled to be reimbursed for all medical expenses, commencing from the date of his injury and continuing at least until the conducting of the administrative hearing. It is undisputed that petitioner was treated for his disability by Dr. Milan L. Brandon and other physicians to whom Dr. Brandon referred his patient.

33 U.S.C. § 907(a) provides:

"The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, and apparatus, for such· period as the nature of the injury or the process of recovery may require."

■ As the Administrative Law Judge correctly found that petitioner had recovered from his temporary disability on or about October 25, 1970, a clear reading of the Act indicates that petitioner is not entitled to payment of his medical expenses after that date.

In regard to petitioner's claim that he should recover his medical expenses from the date of his injury until October 25, 1970, 33 U.S.C. § 907(d) is of substantial assistance in resolving this issue. That section states in relevant part:

"The employee shall not be entitled to recover any amount expended by him

for such treatment or services unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same; nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty days following the first treatment, the physician giving such treatment furnished to the employer and the deputy commissioner a report of such injury and treatment, on a form prescribed by the Commission. The deputy commissioner may, however, excuse the failure to furnish such report within twenty days when he finds it to be in the interest of justice to do so, and he may, upon application by a party in interest, make an award of the reasonable value of such medical or surgical treatment so obtained by the employee." [1]

The relevant facts here are that petitioner informed the employer's superintendent that he could no longer continue to work and was going to be examined by a physician. He then was treated by Dr. Brandon who became petitioner's primary physician. Shortly thereafter, claimant delivered a note written by Dr. Brandon to the employer's personnel office informing that claimant would be disabled for at least a month. Following the advice of Dr. Brandon, petitioner received medical care and treatment from other physicians. At no time did claimant request his employer to provide him with this treatment. In addition, the other treating physicians failed to file a report within twenty days after examination as provided for by the Act.

In his findings, the Administrative Law Judge concluded:

"Although claimant might not have specifically requested the Employer to furnish the necessary medical care, he did advise the employer's agent on January 16, 1970 that he was going to seek a doctor's treatment and Dr. Brandon's note was delivered to the Employer a few days later informing it that Dr. Brandon would be treating the claimant for his 'disability.' There is no evidence that the Employer at any time indicated that this was unacceptable. In these circumstances therefore it is concluded that Mr. Nardella did substantially comply with § 907(d) of the Act, at least with respect to cost of Dr. Brandon's care. The record does not establish that claimant complied with these requirements with respect to the medical care and treatment furnished by the Scripps Clinic and the other doctors. Therefore, Mr. Nardella's claim for reimbursement for the cost of medical treatment furnished by the Scripps Clinic and the doctors other than Dr. Brandon is denied."

1. Because petitioner's disability period occurred prior to the effective date of the amendment to 33 U.S.C. 907(d), the amended provision of that section is not applicable to the case at bar. 33 U.S.C. 907(d), *as amended*, states in relevant part:

An employee shall not be entitled to recover any amount expended by him for medical or other treatment or services unless he shall have requested the employer to furnish such treatment or services, or to authorize provision of medical or surgical services by the physician selected by the employee, and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide or authorize the same; nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within ten days following the first treatment the physician giving such treatment furnish to the employer and the Secretary a report of such injury and treatment, on a form prescribed by the Secretary. The Secretary may, however, excuse the failure to furnish such report within ten days when he finds it to be in the interest of justice to do so, and he may, upon application by a party in interest, make an award for the reasonable value of such medical or surgical treatment so obtained by the employee.

We hold that the Administrative Law Judge ruled correctly. Although petitioner properly argues that the Act should be interpreted liberally, this Court does not believe that "the plain terms of the statute may be disregarded under the guise of interpreting it liberally." *Eikel v. Voris,* 101 F.Supp. 963, 966 (S.D.Texas 1951), *aff'd,* 200 F.2d 724 (5th Cir. 1952), *rev'd on other grounds,* 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5 (1953). Here, the record demonstrates that petitioner failed to comply with specified requirements. *See Wade v. Neuman,* 230 F.Supp. 560, 562 (E.D. La.1964), *aff'd,* 356 F.2d 510 (5th Cir. 1966); *Holmes v. Garfield Memorial Hospital,* 74 U.S.App.D.C. 371, 123 F.2d 166 (1941).

The Administrative Law Judge could have excused the failure of petitioner's attending physicians to file a report within twenty days if he found it "in the interest of justice to do so . . ." 33 U.S.C. § 907(d). This, however, is a matter within his discretion. *Johnson v. Britton,* 110 U.S.App. D.C. 164, 290 F.2d 355, 359–60, *cert. denied,* 368 U.S. 859, 82 S.Ct. 99, 7 L.Ed.2d 56 (1961).

Hence, by not complying with the requirements of 33 U.S.C. § 907(d), petitioner is not entitled to recover for his medical expenses for the period, January 16, 1970, to October 25, 1970, except those services furnished by Dr. Brandon.

We therefore affirm the decision of the Benefits Review Board. The matter is remanded, as ordered by the Board to the Administrative Law Judge pursuant to the decision of the Board on the limited issue of attorneys' fees described therein.