NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICK J. MARTIN, | No. 20-70147 |
| Petitioner, | BRB No. 19-0009 |
| v. | |
| SUNDIAL MARINE TUG AND BARGE WORKS, INCORPORATED; et al., | MEMORANDUM[*] |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted June 7, 2021
Portland, Oregon

Before: WARDLAW and HURWITZ, Circuit Judges, and BOLTON,[**] District Judge.

Rick Martin petitions for review of a decision of the Benefits Review Board ("BRB") affirming a decision of an administrative law judge ("ALJ") denying medical benefits under the Longshore and Harbor Workers' Compensation Act (the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

"Act"), 33 U.S.C. §§ 901–950. We have jurisdiction under 33 U.S.C. § 921(c) and deny the petition.[1]

1. An employer is responsible for reasonable and necessary medical expenses associated with a claimant's work-related injury. 33 U.S.C. § 907(a); *M. Cutter Co. v. Carroll*, 458 F.3d 991, 993 (9th Cir. 2006). To be entitled to reimbursement for incurred medical expenses, a claimant must have sought the employer's authorization for the performed services. *See* 33 U.S.C. § 907(d)(1)(A) (stating that a prerequisite to recovery of expenses is that the "employer shall have refused or neglected a request to furnish such services"); *Nardella v. Campbell Mach., Inc.*, 525 F.2d 46, 49–50 (9th Cir. 1975) (finding no entitlement to reimbursement where the claimant failed to request that his employer provide him with the performed treatment).

2. At issue is whether Martin is entitled to reimbursement for right-knee surgery performed in August 2008 by Dr. Timothy Bollom, a microfracture surgery specialist. The parties do not dispute that Martin visited his treating physician, Dr. Michael Johnson, for "persisting bilateral knee pain" before that surgery; that Dr. Johnson referred Martin to Dr. Bollom; and that Sundial's workers' compensation

---

[1] Martin's claim that the ALJ erred in calculating his average weekly wage when awarding disability benefits is addressed in a contemporaneously filed opinion.

insurance carrier, SAIF, denied the referral in August 2006. The only dispute is whether Martin sought—through Dr. Johnson's referral to Dr. Bollom— authorization for right-knee surgery. Substantial evidence supports the ALJ's factual finding that the referral did not concern the right knee. *See Todd Shipyards Corp. v. Black*, 717 F.2d 1280, 1284 (9th Cir. 1983).[2] As the BRB noted, "[a]t the time of the referral, Dr. Bollom had recommended only left knee surgery" and his "office note refers only to left knee surgery." Considering the MRIs in June 2006, Dr. Bollom had opined that the "the right knee would be difficult to improve upon with an arthroscopic procedure . . . for the left knee, one could consider arthroscopic debridement and probable microfracture." Dr. Johnson's note referring Martin to Dr. Bollom for treatment in August 2006 was as follows:

> [Martin] returns for followup today with persisting bilateral knee pain. He has recently seen another physician regarding his left knee who suggested an arthroscopic surgery. In reviewing his notes there is an MRI, which noted osteochondral defects of both medial and lateral femoral condyles possible horizontal cleavage tear of the posterior horn medial meniscus and grade III arthritic changes in the medial compartment. These findings are certainly consistent with the patient's symptoms and he would like a referral to another physician to pursue

---

[2] Martin argues in the alternative that even if Dr. Johnson never referred him to Dr. Bollom for right-knee treatment in 2006, Martin's 2005 request to a SAIF claims adjuster to see Dr. Bollom and its denial satisfied § 907. But, Martin failed to raise this argument in his petitions for review below and the BRB did not address it. We therefore find it forfeited. *See Portland Gen. Elec. Co. v. Bonneville Power Admin.*, 501 F.3d 1009, 1023–24 (9th Cir. 2007); *Zumwalt v. Nat'l Steel & Shipbuilding Co.*, 796 F. App'x 930, 931 (9th Cir. 2019); 20 C.F.R. § 802.211(a).

further treatment. Referral made to Dr. Bollom and I will see him back
as needed.

The referenced MRI findings relate only to the left knee. Martin visited Dr. Douglas—a family practice physician overseeing Martin's use of narcotics—one month later. Dr. Douglas's notes explain that Dr. Johnson "has recommended intervention surgically into his LEFT knee, but the insurance is denying that at this point." The ALJ did not clearly err in finding that no referral was made for right-knee surgery on this record.[3]

**PETITION FOR REVIEW DENIED.**

---

[3] Because we find the ALJ did not err in denying medical benefits on this ground, we do not reach the question of whether the right-knee surgery was reasonable and necessary.